# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| RODERICK HAMILTON | : | MOTION TO VACATE |
| THORNTON, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CRIMINAL INDICTMENT NO. |
|    v. | : | 1:13-CR-0466-AT-JFK-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL FILE NO. |
|    Respondent. | : | 1:17-CV-2409-AT-JFK |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number.  The matter is before the Court on the motion to vacate [113], Respondent's second response [125], and Movant's reply thereto [126].[1]  For the reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied.

---

[1]On review of Respondent's first response and Movant's reply thereto, the undersigned initially recommended that this action be dismissed as untimely.  (See Resp't First Resp., ECF No. 115; Mov't Reply to First Resp., ECF No. 116; First R & R, ECF No. 117)  As discussed below in section II, the matter was referred back for further proceedings.

I.     **Background**

The grand jury for the Northern District of Georgia charged Movant on one count of conspiracy to interfere with commerce by threat or violence and twelve counts of aiding and abetting interference with commerce by robbery by means of actual and threatened force and violence.  (Indictment, ECF No. 1).  Represented by  Mr. Fenn Little, Jr., Movant pleaded guilty to the conspiracy count and to seven of the aiding and abetting counts.  (Plea, ECF No. 73-1).[2]  On May 15, 2015, the Court sentenced Movant as a career offender under U.S.S.G. § 4B1.1 and imposed a total 151-month term of imprisonment.  (Sentencing Tr. at 47-49, 62, ECF No. 104; J., ECF No. 92). On December 28, 2015, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant.  (USCA Op., ECF No. 110).  On May 2, 2016, the United States Supreme Court denied *certiorari*.  (Notice, ECF No. 112).

On June 22, 2017, Movant submitted his § 2255 motion for filing and therein relies on Mathis v. United States, _ U.S. _, 136 S. Ct. 2243 (2016), and contends that under Mathis his prior state burglary convictions no longer qualify as crimes of violence for purposes of finding that he is a career offender under § 4B1.1 and that

---

[2]Although the plea, in an apparent scrivener's error, states that Movant pleads not guilty, Movant in fact pleaded guilty.  (See Guilty Plea Tr. at 2, ECF No. 103).

2

counsel was ineffective for failing to object to his prior burglary convictions being used to classify him as a career offender.  (Mot. to Vacate at 5 and Mem. in Support of Mot. to Vacate at 2-4, ECF No. 113).

## II.   Statute of Limitations

Respondent initially argued, *inter alia*, that this action should be dismissed because Movant untimely filed it more than one year after his convictions became final on May 2, 2016, and because Mathis (decided June 23, 2016) did not restart the federal one year limitations period under § 2255(f)(3) (allowing limitations period to run from the date the United States Supreme Court has recognized a new right that is retroactively applicable on collateral review).  (Resp't First Resp. at 7-8).  After the undersigned recommended that this action be dismissed as untimely, Movant raised for the first time in his objections an argument for equitable tolling.  (See First R&R; Objs., ECF No. 121; Order Sustaining Objs., ECF No. 122).  The District Court found that Movant had raised an "arguable" claim for equitable tolling and returned the matter to the undersigned for additional proceedings as determined appropriate by the undersigned. (Order Sustaining Objs. at 4).  The undersigned required a response from the government in regard to equitable tolling.  (Order of Apr. 18, 2018, ECF No. 123; Order of June 13, 2018, ECF No. 124).

3

In response, Respondent (1) stated that Movant had objected that equitable tolling applied and that the District Court had "agreed" and (2) argued that Movant's grounds for relief otherwise failed. (Resp't Second Resp. at 3-10, ECF No. 125). Movant stated that the District Court had granted equitable tolling. (Mov't Reply to Resp't Second Resp. at 1, ECF No. 126).

The Court instructed the parties that the District Court had not adopted any of Movant's arguments in his objections and had neither granted equitable tolling nor decided the issue of timeliness. (Order of Aug. 10, 2018, at 2, ECF No. 127). Accordingly, the Court allowed Respondent fourteen days to inform the Court whether it waived any statute of limitations defense. (Id. at 3). Respondent did not respond, and, on September 14, 2018, the Court allowed Respondent ten days in which to show cause for its continued failure to respond. (Order of Sept. 14, 2018, ECF No. 128).

As of November 28, 2018, Respondent has failed to file any additional response, and Movant contends that Respondent has waived its right to respond on the matter of equitable tolling. (Mov't Resp. to Order, ECF No. 129). Based on the above, the Court **HEREBY FINDS** that Respondent has waived any statute of limitations defense.

4

### III.   28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255. Collateral relief, however, is limited.  "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]"  United States v. Frady, 456 U.S. 152, 164 (1982).  The § 2255 movant bears the burden to establish his right to collateral relief.  Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015).

Accordingly, § 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).  A constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts.  Massaro v. United States, 538 U.S. 500, 505-09 (2003).

5

**IV.**    **Discussion**

**A.**    **Additional Background**

At issue here is whether Movant's Georgia burglary convictions are convictions for generic burglary, which qualify as predicate crimes of violence for career offender designation. When a state burglary statute is broader than generic burglary, it must be determined whether the statute is divisible with alternative elements that include the crime of generic burglary (which can support a finding that the defendant was convicted of generic burglary) or whether the statute is indivisible (which cannot support a finding that the defendant was convicted of generic burglary). See infra section IV. C.

Before sentencing, Movant's presentence investigation report (PSR) was prepared, which states that under U.S.S.G. § 4B1.1(b)(3) Movant qualifies as a career offender based on his DeKalb County burglary conviction, case number 98CR1943, and his Henry County burglary conviction, case number 2003-SU-CR-353-M. (PSR ¶¶ 89, 100, 102, 110, ECF No. 97).[3]  Movant, through counsel, objected. (Id. ¶ 89).

The government argued that burglary as defined in Georgia law is nongeneric, broader than generic burglary; that the Georgia statute includes generic burglary and

---

[3]The 2013 version of the guidelines applied. (PSR ¶ 36).

6

is divisible; that the Court, therefore, was allowed to look at underlying documents to determine whether Movant's convictions fit the generic definition of burglary; and that Movant's convictions were for generic burglary. (Gov't Sentencing Mem. at 5-7, ECF No. 82). The government provided a copy of the indictment in Movant's 1997 DeKalb County case number 98CR1943, which shows that he was charged with burglary in that he "without authority and with intent to commit a theft therein, did enter and remain in the dwelling house of Mariotta Smith, located at . . . Rd." (Gov't Ex. 3A, ECF No. 82-3). The government also provided a copy of the indictment in Movant's 2003 Henry County case number 2003-SU-CR-353-M, which shows that he was charged with five counts of burglary in that he "unlawfully without authority and with the intent to commit a theft therein, enter the dwelling house of" five distinct persons, on four different dates, at five distinct addresses. (Gov't Ex. 3B at 2-3, ECF No. 82-4).

At sentencing, Mr. Little argued that the Georgia burglary statute was not clearly divisible and that the burglary convictions should not be counted. (Sentencing Tr. at 7, 36).[4] The Court found that the Georgia burglary statute was divisible and that

_____

[4]The Court, at the time of sentencing, was concerned whether the Georgia burglary statute was divisible or indivisible in light of United States v. Howard, 742 F.3d 1334, 1348 (11th Cir. 2014) (holding that Alabama's burglary statute was nongeneric and indivisible). (Sentencing Tr. at 23, 32-34). In United States v. Gundy, 842 F.3d 1156 (11th Cir. 2016), cert. denied, _ U.S. _, 138 S. Ct. 66 (2017), decided

7

Movant qualified as a career offender, with a guidelines range of 151 to 188 months.

(Id. at 45-47).  The Court then imposed a 151-month term of imprisonment.  (Id. at 62.)

---

after sentencing and discussed further below, the Eleventh Circuit Court of Appeals distinguished the Alabama statute at issue in Howard because it had a single locational element of building and, by separate statute, defined building by providing a non-exhaustive list of things included in the term building.  Gundy, 842 F.3d at 1165-66.

The Court at sentencing also discussed two additional cases, which have since been resolved in a manner that does not affect the outcome in the instant case. (Sentencing Tr. at 23, 43).  The Kirk case, which involved the Florida burglary statute, was decided based on the residual clause and has since been vacated.  See United States v. Kirk, 767 F.3d 1136, 1141 (11th Cir. 2014) (finding that prior Florida burglary convictions qualify as violent felonies under the Armed Career Criminal Act's (ACCA's) residual clause), cert. granted, judgment vacated, _ U.S. _, 135 S. Ct. 2941 (2015).  The Heard case – in which the district court decided that breaking and entering are an element of generic burglary but not Georgia burglary – has been vacated and remanded.  See United States v. Heard, 677 F. App'x 636 (11th Cir.), cert. denied, _ U.S. _, 137 S. Ct. 2109 (2017).  In the Heard case, the Eleventh Circuit Court of Appeals found, under Gundy, that "convictions under the Georgia burglary statute may sometimes serve as predicate offenses under the Armed Career Criminal Act because the Georgia burglary statute is divisible and includes the elements of generic burglary" and that "[t]he contrary determination by the district court that generic burglary requires an element of breaking and entering conflicts with our decision in Gundy." Heard, 677 F. App'x at 636.

### B.   Motion to Vacate, Response, and Reply

In his motion to vacate, Movant asserts that the Georgia burglary statute is indivisible, that counsel was ineffective for failing to object to his prior burglary convictions being used to classify him as a career offender under U.S.S.G. § 4B1.1, and that his claim was not raised on direct appeal because of ineffective assistance of appellate counsel.  (Mot. to Vacate at 5, 10; Mem. in Support of Mot. to Vacate at 2-4). Movant relies on Mathis, _ U.S. _, 136 S. Ct. 2243, which Movant states is retroactively applicable, and Taylor v. United States, 495 U.S. 575 (1990).  (Mot. to Vacate at 5, 10, Mem. in Support of Mot. to Vacate at 1).[5]  Movant contends that under Mathis his prior burglary convictions in case number 98CR1943 and case number 2003-SU-CR-353-M no longer qualify as crimes of violence for purposes of finding that he is a career offender under U.S.S.G. § 4B1.1.  (Mem. in Support of Mot. to Vacate at 2).[6]

---

[5]Movant mentions Weaver v. Massachusetts, _ U.S. _, 137 S. Ct. 1899, 1913 (2017) (holding that a petitioner raising a structural error in the context of ineffective assistance of counsel must show prejudice).  (Mot. to Vacate at 10).  The Court discerns no application of Weaver that changes the result in this case.

[6]Movant also asserts that under Amendment 798, § 4B1.2(a)(2) no longer defines burglary as a crime of violence.  (Mem. in Support of Mot. to Vacate at 5). Amendment 798, however, "states that it does not apply retroactively to sentences imposed prior to August 1, 2016."  United States v. Ford, 701 F. App'x 817, 819 (11th

Respondent argues that Movant's reliance on Mathis fails because the Eleventh Circuit Court of Appeals has considered Mathis and has determined that the Georgia burglary statute at issue is divisible and that convictions such as Movant's – which involve the unlawful entry of a dwelling – qualify as generic burglary. (Resp't Second Resp. at 5).[7]   Respondent asserts that, accordingly, Movant fails to show that he was prejudiced by counsel failing to raise a Mathis type argument and further argues that neither Movant's trial nor appellate counsel were ineffective for failing to raise Mathis, which was not decided until after Movant's appeal was decided. (Resp't Second Resp. at 4-6).   Respondent additionally argues that Movant procedurally defaulted any Mathis type claim of sentencing error by failing to raise it on direct appeal and that, as Mathis provides no basis for relief, he fails to overcome his default. (Resp't Second Resp. at 7-9).

─────────────────────

Cir. 2017), cert. denied, _ U.S. _, 138 S. Ct. 694 (2018).   This matter is not further addressed.

[7]Respondent cites Gundy, 842 F.3d at 1164-68, and United States v. Brundidge, 708 F. App'x 608, 611 (11th Cir. 2017) (following Gundy), cert. denied, _ U.S. _, 138 S. Ct. 1773 (2018); United States v. Pearsey, 701 F. App'x 773, 775-76 (11th Cir. 2017) (same), cert. denied, _ U.S. _, 138 S. Ct. 697 (2018); and Heard, 677 F. App'x at 636-37 (relying on Gundy in an ACCA case). (Resp't Resp. at 6).   Movant also refers to Heard and Gundy but presents no argument in regard thereto that changes the recommendation. (Mot. to Vacate at 3; Mov't Reply to Resp't Second Resp. at 5).

10

Movant replies that he was prejudiced by counsel's failure to contest the application of § 4B1.1 and again asserts that his prior convictions do not qualify as predicates under § 4B1.1. (Mov't Reply to Resp't Second Resp. at 4).[8] [9]

_____

[8]Movant appears to argue that the Eleventh Circuit Court of Appeals in Gundy got it wrong based on Georgia cases Roberts v. State, 309 Ga. App. 681, 710 S.E.2d 878, 881 (2011), and Hart v. State, 238 Ga. App. 325, 517 S.E.2d 790, 792 (1999). (Mov't Reply to Resp't Second Resp. at 5-6). The *dissent* in Gundy argued that Georgia law establishes that Georgia's burglary statute is indivisible and referred to Roberts and Hart in a note. Gundy, 842 F.3d at 1172 n.2. This Court, however, is bound by the decision in Gundy (which is discussed further below), not the dissent, and does not discuss the above state cases further.

[9]Movant in his reply also asserts that his instant federal offense of *conspiracy* to commit a Hobbs Act Robbery does not qualify as a crime of violence under § 4B1.1(a)(2), and asserts that the Court should await the Eleventh Circuit's decision in Ovalles, which Movant states is pending on the question of whether a Hobbs Act robbery is a crime of violence. (Mov't Reply to Resp't Second Resp. at 10); see Ovalles v. United States, 861 F.3d 1257 (11th Cir. 2017), reh'g en banc granted, opinion vacated, 889 F.3d 1259 (11th Cir.), and on reh'g en banc, 905 F.3d 1231 (11th Cir. ), and opinion reinstated in part, 905 F.3d 1300 (11th Cir. 2018).

Movant has not moved to amend, and the claim is not properly before the Court. Further, the claim fails for several reasons. The claim is procedurally defaulted. The claim is untimely and does not relate back to Movant's original claims, on which Respondent has waived a timeliness defense. Further, conspiracy does qualify as a crime of violence. See U.S.S.G. 4B1.2, Commentary, n.1 (2014) ("For purposes of this guideline – 'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."). Additionally, Movant was convicted of seven substantive counts of Hobbs Act *robbery*, and crimes of violence include robbery as stated in the application notes to § 4B1.2. See U.S.S.G. 4B1.2, Commentary, n.1 (2014) ("'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery,

11

**C.**      **Law and Recommendation**

Under the Sixth Amendment, a defendant has the right to "reasonably effective" legal assistance.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him.  Id. at 690-92; Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000) (stating that court may resolve an ineffective assistance claim based on either prong). Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland, 466 U.S. at 690.  "The reasonableness of a counsel's performance is an objective inquiry. . . . And because counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take."  Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc).*

---

arson, extortion, extortionate extension of credit, and burglary of a dwelling.").
Additionally, Ovalles is unhelpful to Movant because the matter at issue in that case
was whether attempted car-jacking qualified as a crime of violence.  See Ovalles, 861
F.3d at 1259.

Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect on the outcome of the proceedings" does not show prejudice. Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted).

At issue here is counsel's performance in relation to career offender guidelines.

Under federal sentencing guidelines –

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

13

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. 4B1.2(a) (2014).

In <u>Taylor</u>, the United States Supreme Court held that a state burglary conviction qualifies as a prior violent felony of burglary under the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), if the conviction was for a crime "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime[,]" the generic definition of burglary.[10] <u>Taylor</u>, 495 U.S. at 599. A conviction under a state burglary statute that is narrower than the generic version of burglary necessarily shows guilt for all elements of the generic version, and the state conviction qualifies as a violent felony. <u>Id.</u> A conviction under a state burglary statute

---

[10]A decision on the term "'violent felony' under the ACCA" applies to the term "'crime of violence' under § 4B1.2(a)[.]" <u>United States v. Chappelle</u>, 735 F. App'x 644, 648 (11th Cir. 2018). The Court notes that, although crime of violence has been redefined in § 4B1.2(a) as of August 1, 2016, <u>see supra</u> n.6, at the time of Movant's sentencing in April 2015, the "terms 'violent felony' under ACCA and 'crime of violence' under § 4B1.2(a) [were] 'virtually identical[.]'" <u>Chappelle</u>, 735 F. App'x at 648 (quoting <u>United States v. Alexander</u>, 609 F.3d 1250, 1253 (11th Cir. 2010)); <u>see also</u> U.S.S.G. 4B1.2(a) (2016) (defining crime of violence to include offense that "is burglary of a dwelling, arson, or extortion . . . ."; 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" to include "burglary, arson, or extortion . . . .").

14

that is broader than the generic version of burglary (a nongeneric state burglary statute) may or may not qualify as a violent felony.  Id.

The court must determine whether the nongeneric state burglary statute is divisible or indivisible.  A state conviction under a nongeneric, *divisible* burglary statute qualifies as a violent felony if, without reference to the underlying facts of the crime, the defendant actually was charged and convicted on the *elements* of generic burglary.  Id. at 600, 602; and see Descamps v. United States, 570 U.S. 254, 261 (2013) (defining a divisible statute as a statute with alternative elements, one set of which is generic burglary); Shepard v. United States, 544 U.S. 13, 26 (2005) ("[E]nquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.")  When, however, a nongeneric burglary statute has an *indivisible* set of elements that "sweep[] more broadly" than generic burglary, a conviction under such statute "does not correspond to the . . . generic offense" and "the inquiry is over." Descamps, 570 U.S. at 260, 265; Howard, 742 F.3d at 1348 (stating that a conviction

15

under a non-generic and indivisible burglary statute cannot qualify as a conviction for generic burglary).

In Mathis, the Supreme Court reaffirmed the rule that a state burglary conviction qualifies as a prior violent felony under the ACCA, 18 U.S.C. § 924(e)(1), only if the elements for the state burglary conviction are the same or narrower than the elements of generic burglary and declined to find an exception to that rule when the state statute listed one or more *means* of satisfying an element.  Mathis, 136 S. Ct. at 2247-48, 2257 (holding that the elements of the Iowa burglary statute, which set out alternative *means* of satisfying the element of location, were broader than those of generic burglary and that Iowa burglary conviction could not give rise to an ACCA sentence).[11]

---

[11]Mathis applies in these proceedings.  Supreme Court decision applying an old rule to new facts "applies both on direct and collateral review[.]"  Whorton v. Bockting, 549 U.S. 406, 416 (2007).  The United States Supreme Court in Mathis stated, "Our precedents make this a straightforward case.  For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements.  Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense."  Mathis, 136 S. Ct. at 2257.  Mathis is old rule, and it applies in first collateral proceedings.  United States v. Goodman, No. 8:12-CR-83-T-17MAP, 2018 WL 5266621, at *3 (M.D. Fla. Oct. 23, 2018); United States v. Walker, 3:12-CR-147-CRS-CHL, 2018 WL 2324372, at *5 (W.D. Ky. Mar. 2, 2018); Ginter v. United States, 16-5377, 2017 WL 4570519, at *1 (6th Cir. June 12, 2017).

16

To determine whether a prior conviction is for generic burglary, the court focuses solely on the elements of the crime of conviction and ignores the particular facts of the case. <u>Mathis</u>, _ U.S. at _, 136 S. Ct. at 2248. When a broader statute has a divisible structure with alternative elements, defining multiple crimes (including the crime of generic burglary), the sentencing court may look "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." <u>Id.</u> at 2249.

The pre-2012 version of the Georgia burglary statute (applicable to Movant's 1997 and 2003 burglaries) dictates –

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1(a) (1980); <u>see</u> <u>Gundy</u> 842 F.3d at 1164 n.3.

 In <u>Gundy</u>, the Eleventh Circuit Court of Appeals addressed Georgia's burglary statute. <u>Id.</u>, 842 F.3d at 1160. The court held that Georgia's burglary statute is nongeneric because it both criminalizes generic burglary and is broader than generic

17

burglary (also criminalizing entry into railroad cars, watercraft, or aircraft).  <u>Id.</u> at 1164-65.  The court then held that Georgia's nongeneric burglary statute is divisible, with alternative locational elements.  <u>Id.</u> at 1166-68.  The court determined that the <u>Shepard</u> documents in Gundy's case showed that he had been convicted on the elements of "(1) an unlawful entry (2) into a dwelling house or building (3) with intent to commit a crime therein[,]" which substantially conformed to generic burglary, and that the district court had not erred in sentencing Gundy as an armed career criminal. <u>Id.</u> at 1169; <u>see also</u> <u>Brundidge</u>, 708 F. App'x at 611 (following <u>Gundy</u> and finding that "[t]he district court did not plainly err in counting Brundidge's Georgia burglary conviction as an ACCA predicate offense"); <u>Pearsey</u>, 701 F. App'x at 776 (finding no error in district court's determination that "prior Georgia burglary convictions were violent felonies . . . :  Georgia's burglary statute is divisible, and Pearsey's certified indictment and guilty plea for his burglary convictions show that he was convicted of three counts of burglary of a dwelling – which has the same elements as generic burglary").

Here, as a preliminary matter, Movant's attempt to show that his counsel was deficient for failing to object fails because counsel *did* in fact object to using the prior convictions as predicate offenses under § 4B1.1.  (<u>See</u> Sentencing Tr. at 7, 36).  To the

18

extent that Movant argues that counsel should have provided a different argument or that appellate counsel should have raised a career-offender argument on appeal, he fails to show prejudice by showing any reasonable probability that, with different argument at sentencing or with argument raised on appeal, the result of either his sentencing or appeal would have been different.

The Court correctly decided at sentencing that Georgia's burglary statute was divisible.  The Eleventh Circuit, in <u>Gundy</u>, has since held that Georgia's burglary statute is divisible and that, if a limited class of documents (such as indictment, jury instructions, or plea agreement) show that the elements of the Georgia convictions at issue match generic burglary, the Georgia burglary conviction is properly deemed a generic burglary.  <u>Gundy</u>, 842 F.3d at 1168.  In both DeKalb County case number 98CR1943 and Henry County case number 2003-SU-CR-353-M, Movant was charged and convicted for the equivalent of generic burglary – "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." <u>Taylor</u>, 495 U.S. at 599; (<u>see</u> Resp't Exs. 3A and 3B).  Movant was properly classified as a career offender, and he shows no grounds for collateral relief.

19

## V.    **Certificate of Appealability (COA)**

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Melton v. Sec'y, Fla. Dep't of Corr.</u>, 778 F.3d 1234, 1236 (11th Cir.) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant has failed to carry his burden of demonstrating that he is entitled to collateral relief.  If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

20

## VI.  Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [113] to vacate, set aside, or correct his federal sentence be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 28th day of November, 2018.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

21